UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HYUNDAI AMERICAN SHIPPING AGENCY INC.,    09 CV



Plaintiff,

- against -

**ORDER OF ATTACHMENT**
**PURSUANT TO CPLR ARTICLE 62**

ALFA SAI MINERALS PVT., LTD.,

Defendant.
-------------------------------------------------------------------x

UPON CONSIDERATION of the application of Plaintiff HYUNDAI AMERICAN SHIPPING AGENCY INC. ("Hyundai") to the United States District Court Southern District Of New York, for an Order of Attachment against the property of Defendant ALFA SAI MINERALS PVT., LTD.,("Alfa Sai") pursuant to Article 62 of the C.P.L.R., the Verified Complaint filed by the Plaintiff herein, and the Affidavit of Michael Unger; and,

WHEREAS Plaintiff has stated the existence of a cause of action for a money judgment against Defendant Alfa Sai for an amount not less than $499,157.76., plus interest as provided in Article 50 of the C.P.L.R., costs, Sheriff's fees and expenses,; and

WHEREAS it is probable that Plaintiff will succeed on the merits; and

WHEREAS the amount Plaintiff has demanded from Defendant exceeds all counterclaims known to Plaintiff; and

WHEREAS grounds for an Order of Attachment exist under C.P.L.R. §6201(1)(3) and/or (5) in that Defendant Alfa Sai is a foreign corporation and is not qualified or licensed or authorized to do business in New York; the Defendant, with intent to defraud its creditor (Plaintiff Hyundai) or frustrate the enforcement of a judgment that might be

NYDOCS1/343277.1                                    1

rendered in Plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do one or more of these acts; and/or the underlying cause of action is based on an arbitral award which is entitled to recognition as a judgment of this Court; and

WHEREAS the undertaking required by C.P.L.R. §6212(b) has been submitted herewith;

NOW, on the motion of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff, it is hereby:

1. ORDERED that Plaintiff's application for an Order of Attachment be granted;

2. ORDERED that the amount to be secured by this Order of Attachment shall satisfy the sum of Plaintiff's base claim of $499,157.76., plus interest, costs, Sheriff's fees and expenses and such legal costs and disbursements, for a total sum to be secured of $499,157.76;

3. ORDERED that Plaintiff's undertaking hereby is fixed in the sum of ~~$~~ $1,000.00 ~~of which amount the sum of _____ shall be payable to Defendant Alfa Sai~~ for legal costs and damages which it may sustain by reason of the attachment (if the said Defendant recovers judgment in this action or if it is finally decided that Plaintiff was not entitled to an attachment of said Defendant's property, and the balance of which shall be payable to the Sheriff for his or her allowable fees; *The Clerk of the Court may accept counsel's check in this amount*

4. ORDERED that the Sheriff of any county and the City of New York shall, within his or her jurisdiction, immediately levy upon and take into his or her actual custody all such property in which the Defendant Alfa Sai has an interest, and upon all

such debts owing to said Defendant by serving the within Order of Attachment upon the following garnishees:

    (i)    Citibank N.A.
Office of the General Counsel
388 Greenwich Street / 17th Floor
New York, NY 10013

Accounts: Any and all assets and accounts in the name of or held for the benefit of ALFA SAI MINERALS PVT., LTD., together with any funds passing through the bank of or for the benefit of ALFA SAI MINERALS PVT., LTD. including but not limited to such funds in the amount of approximately $162,082.62 to be remitted to the account of Eaton & Van Winkle LLP.

    (ii)    Eaton & Van Winkle LLP
3 Park Avenue
New York, NY 10016

Accounts: Any and all assets and accounts in the name of or held for the benefit of ALFA SAI MINERALS PVT., LTD., together with any funds passing through the accounts maintained by Eaton & Van Winkle of or for the benefit of ALFA SAI MINERALS PVT., LTD.

5.    ORDERED that pursuant to C.P.L.R. §6211, this Order of Attachment is granted without notice to Defendant; and

6.    ORDERED that, pursuant to C.P.L.R. §6211(b), the garnishees upon which a copy of this Order of Attachment is served are directed to file the statement required by C.P.L.R. §6219 with this Court within five (5) days after service of this Order

of Attachment, with a copy to Plaintiff's counsel, and Plaintiff is directed to file a motion for an Order confirming this Order within ten (10) days after levy, unless otherwise ordered.

Dated: December 21, 2009

Entered:

_____
J.S.C.