USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

**Hyundai American Shipping Agency Inc.**

v.

**Alfa Sai Minerals Pvt., Ltd.**
------------------------------------------------- X

09 cv 10306 (CM)

### ORDER VACATING ATTACHMENT, UNSEALING CASE AND DIRECTING THAT THE CASE BE DISMISSED

McMahon, J.:

The present case is related to a 2006 filing by plaintiff, Hyundai American Shipping Agency Inc. v. Alfa Sai Minerals Pvt., Ltd., 06 cv 4828 (CM). In the earlier matter, plaintiff sought and the Court issued a Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Pursuant to that order, electronic fund transfers (EFTs) in the approximate amount of $162,000.00 were restrained.

On December 3, 2009, in light of the Second Circuit Court of Appeals decision in Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), the Court vacated the attachment in the 2006 case, and dismissed the case, based on plaintiff's failure to demonstrate any alternative basis for asserting *in personam* jurisdiction over defendant. Hyundai American Shipping Agency Inc. v. Alfa Sai Minerals Pvt., Ltd., 06 cv 4828 (CM) (Order dated December 3, 2009).

Plaintiff has commenced a new action – identical caption, new docket number (09 CV 10306) – seeking to attach these same funds when they are release to defendant's attorney. On December 21, 2009, The Hon. Loretta Preska, sitting in Part I, signed the order.

The Court *sua sponte* vacates the December 21, 2009, order of attachment.

This application represents yet another attempt to do an end run around the Second Circuit's decision in Jaldhi. This Court has adopted the practice of refusing to sign orders of attachment that would tie up funds that the Court had no jurisdiction to order attached in the first place. For the reasons set forth in the Court's opinion in Rhonda Ship Management Inc. v. Doha Asian Games Organising Committee, 09 cv 10269, decision dated December 18, 2009 (CM) (see attached

1

decision), the court has concluded that the funds that are the subject of this application are not subject to attachment.

The jurisdictional taint on these funds continues, as far as this court is concerned, until such time as the funds have made their way back to the person to whom they were on the way when their passage through the electronics of a computer was interrupted by the illegal order of attachment that was signed when the court was under the mistaken impression that it had jurisdiction to attach EFTs. As my colleague Judge Koeltl said when confronted with a similar application, no amount of alchemy is going to turn that money into funds that THIS Court will order attached.

I note that this case was wheeled out to me but the application for an attachment was taken to Part I at a time when I was in the district and able to accept and rule on Rule B matters. As plaintiff well knows, I had already turned down a request to attach these very funds. I do not appreciate counsel's shenanigans and will not tolerate them.

There is no need for the defendant to incur any further expense in this matter. The *ex parte* order of attachment is hereby vacated. The Clerk of the Court is directed to unseal this matter and dismiss the complaint. If plaintiff has a quarrel with this determination, take it up with the Second Circuit.

December 23, 2009
New York, New York

SO ORDERED:

Colleen McMahon
U.S.D.J.